

**FILED**
SEP 04 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 07-10004 |
| Plaintiff, | * | |
| -vs- | * | OPINION AND ORDER |
| RICHARD STEELE, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a *pro se* motion to dismiss the indictment. Defendant requested that counsel be appointed to him under the Criminal Justice Act and he is represented by counsel appointed by the Court. He is not entitled to proceed both *pro se* and with the appointment of counsel. See United States v. Mentzos, 462 F.3d 830, 838 n. 3 (8th Cir. 2006) ("It is not our practice to consider pro se pleadings filed by the parties represented by counsel").

In any event, the motion is frivolous. Defendant contends that Counts 2, 3, and 4 (assault resulting in serious bodily injury) fail to charge an offense because the indictment does not refer to the statutes defining serious bodily injury. The indictment, which tracks the words of the statute, specifies the date, location and victim of the offense, and specifically charges that the assault resulted in the serious bodily injury of the named victim, is sufficient. United States v. Helmel, 769 F.2d 1306, 1322 (8th Cir.1985).

Defendant contends that Counts 2-5 and 8-10 constitute an impermissible bill of attainder. " A bill of attainer (sic) is a law that legislatively determines guilt and inflicts punishment upon named individuals, or readily identifiable groups, without provision of the protections of a judicial trial." United States v. Archambault, 2001 D.S.D. 36, ¶ 35, 174 F.Supp.2d 1009, 1023 (internal citations omitted). Defendant will not be punished without a judicial determination of guilt.

Finally, defendant contends that the Double Jeopardy Clause prohibits his prosecution in federal court. The indictment alleges that the offenses occurred at McLaughlin or Little Eagle in Indian Country. The dual sovereignty exception to the double jeopardy clause is well accepted. *See*

United States v. Red Bird, 287 F.3d 709, 715 (8th Cir. 2002). Indian tribes' right to try and punish individuals who transgress their laws is inherent in the tribes' sovereignty. *Id.* at 713 n. 5. Prosecution for the same offense in tribal and federal court does not violate the double jeopardy clause. *See* United States v. Wheeler, 435 U.S. 313, 55 L. Ed. 2d 303, 98 S. Ct. 1079 (1978).

Now, therefore,

IT IS ORDERED that the *pro se* motion to dismiss, Doc. 76, is denied.

Dated this 4th day of September, 2007.

BY THE COURT:

/s/ Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Barbara J. Daepke
          DEPUTY
(SEAL)