

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　-vs-<br><br>RICHARD STEELE,<br><br>　　　　Defendant. | CR 07-10004 (01)<br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

　　　Defendant filed a motion for severance (Doc. 36) and a supporting memorandum (Doc. 37). United States Magistrate Judge Devine heard the motion and filed and served a report and recommendation (Doc. 69). Judge Devine recommended that the defendant's motion be denied. The defendant filed an objection (Docs. 72) to the magistrate's report and recommendations. The defendant's motion is premised on two principal arguments: (1) the case was improperly joined under Fed.R.Crim.P. 8(a), and (2) relief is appropriate under Fed.R.Crim.P. 14(a), since joinder would be unfairly prejudicial to his right to a fair trial. Defendant seeks to have Counts 1 through 3, Counts 4 through 6, and Counts 7 through 10 severed.

　　　This motion should be denied. The magistrate ruled correctly.

## FACTUAL BACKGROUND

　　　For the purposes of this motion, the facts can be stated succinctly. Defendant is charged with ten related assault offenses alleged to have occurred within twenty one months of each other during a period ranging from June 17, 2005, through March 2, 2007. Counts I and II of the Indictment allege that the defendant assaulted Pearl Three Legs on March 2, 2007. Counts III through V and VIII through IX of the Indictment allege that the defendant assaulted Ivory Three Legs on four separate occasions. Counts VI and VII of the Indictment allege that the defendant assaulted Doug Wilkinson, a law enforcement officer, on December 15, 2006. Count X of the Indictment alleges that the defendant assaulted Darren Red Stone on June 17, 2005.

## DISCUSSION

1. FEDERAL RULE OF CRIMINAL PROCEDURE 8(a)

The joinder of offenses pursuant to Fed.R.Crim.P. 8(a) is allowed in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. This rule is to be liberally construed in favor of joinder. *See* United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984).

In applying the "same or similar character" standard, courts have allowed the offenses to be joined when "the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979); United States v. Valentine, 984 F.2d 906, 909 (8th Cir. 1993); United States v. Robaina, 39 F.3d 858 (8th Cir. 1994). However, offenses may be of the same or similar character without being connected temporally or evidentially. *See e.g.*, United States v. Tyndall, 263 F.3d 848, 850-851 (8th Cir. 2001) (sexual attacks on different types of victims with two years between attacks, did not undermine showing that they were similar offenses); United States v. Lawson, 173 F.3d 666 (8th Cir. 1999) (four counts of felon in possession properly joined in one indictment).

Dissimilar charges may also be joined if they arise out of the same series of acts or transactions constituting an offense or offenses. "Transaction", as used in rule 8(a), has a flexible meaning, and may comprehend a series of many occurrences, depending not so much upon immediateness of their connection as upon their logical relationship. U.S. v. Cardwell, 433 F.3d 378, 386–387 (4th Cir. 2005); U.S. v. Park, 531 F.2d 754, 761 (5th Cir. 1976); U.S. v. Isaacs, 493 F.2d 1124, 1158 (7th Cir. 1974); U.S. v. Anderson, 642 F.2d 281, 284 (9th Cir. 1981). *Accord* Caleshu v. U.S., 570 F.2d 711, 713 (8th Cir. 1978) (construing the term "transaction", as used in Fed.R.Civ.P. 13(a), as a word of flexible meaning that may comprehend a series of occurrences if they have logical connections)). Factors to be considered in deciding whether acts are connected include: time interval between crimes, place of offense, overlap of evidence, overlap of participants, and involvement in a conspiracy. Shearer, 606 F.2d at 820. Concerning the time-period factor, regardless of whether the alleged charges are the same or

similar or dissimilar, it "is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined." Rodgers, 732 F.2d at 629. "The time period is relative to the similarity of the offenses, and the possible overlapping of evidence." *Id.*

Defendant contends the alleged crimes were improperly joined under Fed.R.Crim.P. 8(a) because these crimes do not involve the same victims, are not based on the same act, and are not connected by a common scheme or plan. More specifically, the crimes are not of the same or similar character because they are not temporally related (i.e. they span nearly a two year period), they are not connected evidentially, and they involve four different victims.

These alleged crimes satisfy the "same or similar character" standard. The ten counts all relate to the same type of offense, namely assault, and they occurred over a relatively short period of time, approximately twenty one months. In addition, there is a reasonable probability that the evidence as to each of these incidents is likely to overlap. Accordingly, joinder was proper under Rule 8(a).

2.  FEDERAL RULE OF CRIMINAL PROCEDURE 14(a)

While joinder is entirely proper under Rule 8, it may nevertheless be prejudicial to the defendant or defendants. If this is the case, the defendant may obtain relief as provided in Rule 14. Fed.R.Crim.P. 14(a) provides: if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. Rule 14 addresses whether severance is warranted regardless of whether the initial joinder was proper.

Unlike under Rule 8, the court enjoys broad discretion under Rule 14 in deciding whether to grant a severance. Zafiro v. United States, 506 U.S. 534, 541, 113 S.Ct. 933, 939, 122 L.Ed.2d 317 (1993) ("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts."); United States v. Knife, 592 F.2d 472, 480 (8th Cir. 1979) (Fed.R.Crim.P. 14(a) entrusts the decision of whether co-defendants should be severed to the "sound discretion of the trial judge."). In making its decision, the court must balance the interest in judicial economy against the risk of prejudice to

the defendant or government. *Id* at 938. The strong presumption against severing properly joined cases, *see, e.g.*, United States v. Delpit, 94 F.3d 1134 (8th Cir. 1996), is consistent with the goal of achieving a correct outcome. The burden is put on the defendants to make a strong showing of prejudice in order to obtain the relief permitted by Rule 14. Zafiro, 506 U.S. at 538–40 (Rule 14 does not require severance even if some prejudice is shown); U.S. v. Alley, 661 F.2d 718 (8th Cir. 1981).

"In most cases motions to try different counts separately have been denied." 1A C. Wright et al., Federal Practice and Procedure: Criminal 3d § 222 (2004). "There are, however, three kinds of prejudice that may occur if separate offenses - - and particularly those that are merely of "similar character" and do not arise out of a single transaction - - are joined." *Id.* First, the jury will consider the defendant a bad person and cumulate the evidence against him or her. While this is a recognized exception, it is rarely found sufficient to provide relief. *Id.* "It is said not to be enough for severance that defendant will be held out to the jury as a habitual criminal and that it will be more difficult for him or her to defend, nor is it thought enough that the proof on one count is stronger than that on the other, and that the jury may be induced to convict a defendant on the weaker count because it is swayed by proof adduced to support the stronger count." *Id.* Second, proof that defendant is guilty of one offense may be used to convict him or her of another even though proof of that guilt would have been inadmissible at a separate trial. U.S. v. O'Meara, 895 F.2d 1216 (8th Cir. 1990). A key factor in deciding whether the risk of prejudice is too great is the extent to which evidence from one count or one defendant would be properly admissible in proving another count or another defendant's case. *See* United States v. Boyd, 180 F.3d 967, 981 (8th Cir.1999). Third, the defendant may wish to testify in his or her own defense on one charge but not on another. Severance of counts is warranted when a defendant has made a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other. *See* United States v. Jardan, 552 F.2d 216, 220 (8th Cir. 1977).

In lieu of a severance, the court may assist jurors in compartmentalizing the evidence by giving cautionary instructions. United States v. Boone, 437 F.3d 829, 838 (8th Cir. 2006) (risk of spillover best cured through cautionary instructions). Even a general instruction reminding

4

jurors that they must consider each count and each defendant separately may be sufficient to avoid a severance. Zafiro, 506 U.S. at 539. "[A] joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome" United States v. Darden, 70 F.3d 1507, 1528 (8th Cir. 1995).

In this case, the defendant has not overcome the strong presumption against severing properly joined cases. While the defendant may be somewhat prejudiced by trying all of these counts together, this prejudice can be mitigated or eliminated by giving the jury cautionary instructions. Accordingly, the benefit of a joint trial of charges is not outweighed by a clear likelihood of prejudice.

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1) The report and recommendation of Judge Devine (Doc. 69) is adopted.

2) The objections (Doc. 72) of the defendant are overruled.

Dated this 15th day of October, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY

(SEAL)